# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA JEAN MAYFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:16-cv-01084-SAB<br><br>ORDER GRANTING PETITIONER'S UNOPPOSED MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF Nos. 22, 23) |

Petitioner Young Cho ("Counsel" or "Petitioner"), attorney for Donna Jean Mayfield ("Plaintiff"), filed the instant motion for attorney fees on February 18, 2020. (Pet'r's Mot. Att'y Fees ("Mot."), ECF No. 22.) Counsel requests fees in the net amount of $23,785.00 pursuant to 42 U.S.C. § 406(b)(1). Plaintiff was served with the motion and advised that any opposition to the motion was to be filed within fourteen days. (Mot. 2, 14.) Plaintiff did not file an opposition to the request. On March 10, 2020, the Commissioner of Social Security ("Defendant"), filed a statement of non-opposition in response to the motion for attorney fees, specifying the filing was made in a role resembling that of trustee for Plaintiff. (Def.'s Statement Non-Opposition ("Def's Statement"), ECF No. 23.) For the following reasons, Petitioner's motion for attorney fees shall be granted.

///

1

# I.

# BACKGROUND

On July 27, 2016, Plaintiff filed this action challenging the denial of social security benefits. (ECF No. 1.) On September 5, 2017, the Court granted in part Plaintiff's social security appeal, remanded the case for further development of the record, and entered judgment in favor of Plaintiff. (ECF No. 25.)

Following remand, on April 8, 2019, the Defendant granted Plaintiff's application for benefits, and on February 10, 2020,[1] the Defendant issued a notice that Plaintiff was entitled to receive $119,140.00 in retroactive benefits. (Mot. 3; Decl. Young Cho ("Cho Decl.") ¶¶ 3-4, Exs. 2-3, ECF Nos. 22 at 12; 22-2; 22-3.) The Commissioner withheld $29,785.00 from the past-due benefit for attorney fees. (ECF No. 22-3 at 5.) This amount equals twenty-five percent (25%) of the retroactive benefit award. (Id.) Petitioner has previously received payment of $4,000.00 in EAJA fees. (ECF No. 21; Mot. 3.) In the instant motion, Petitioner seeks an order awarding attorney fees in the amount of $23,785.00, and further ordering Petitioner to reimburse Plaintiff in the amount of $4,000.00. (Mot. 3.) Thus, the total attorney fee award, following reimbursement to Plaintiff, would be $23,785.00, or *approximately* twenty percent (20%) of the total $119,140.00 retroactive benefits awarded.[2] (Mot. 3-4.)

# II.

# LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section

---

[1] While Petitioner's motion states the notice was issued on February 5, 2020 (Mot. 3), the notice appears to be dated February 10, 2020. (ECF No. 22-3 at 1.)

[2] While Petitioner states he is seeking twenty percent (20%) of the past due benefits, the Court notes that twenty percent (20%) of $119,140.00 is $23,828.00, not $23,785.00.

406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting Gisbrecht, 535 U.S. at 793). The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. Gisbrecht, 535 U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Gisbrecht, 535 U.S. at 807. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 807 n.17; Crawford, 586 F.3d at 1148.

While the Supreme Court in Gisbrecht did not expressly "provide a definitive list of factors that should be considered in determining whether a fee is reasonable or how those factors should be weighed, the Court directed the lower courts to consider the 'character of the representation and the results the representative achieved.' " Crawford, 586 F.3d at 1151 (quoting Gisbrecht, 535 U.S. at 808). The Ninth Circuit has stated a court may weigh the following factors under Gisbrecht in determining whether the fee was reasonable: (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151-52.

Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. Gisbrecht, 535 U.S. at 796; Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1219 (9th Cir. 2012) (noting "the EAJA savings provision requires an attorney who receives a fee award under § 2412(d) of the EAJA in addition to a fee award under § 406(b) for

the 'same work' to refund to the Social Security claimant the smaller award.").

## III.

## DISCUSSION

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 535 U.S. at 807. Here, the fee agreement between Plaintiff and Petitioner provides that if the "matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for court work." (Social Security Representation Agreement, ECF No. 22-1 at 1 (emphasis in original).) Plaintiff has been awarded retroactive benefits in the amount of $119,140.00. (Mot. 3; Cho Decl. ¶ 4; ECF No. 22-3.)

In determining the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht. There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. (Cho Decl. ¶¶ 3-4, 7.) Specifically, Counsel has been practicing Social Security law as an attorney since 1997. (Cho Decl. ¶ 7.) Although this action does involve backpay beginning in 2012, there is no indication that Counsel was responsible for any substantial delay in the court proceedings, having initiated timekeeping on June 22, 2016, and judgment being entered in favor of Plaintiff on September 5, 2017. (ECF Nos. 19; 22-4.)

Plaintiff agreed to a twenty-five percent (25%) fee at the outset of the representation, however, Petitioner is not seeking the full amount under the agreement, but rather approximately twenty percent (20%) of the payment in the amount of $23,785.00.[3] The $23,785.00 fee is not excessively large in relation to the retroactive award of $119,140.00. In making this determination, the Court recognizes the contingent nature of this case and the risk that counsel

---

[3] As the Court noted above, twenty percent (20%) of $119,140.00 is $23,828.00, not $23,785.00.

4

took of going uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

In support of the motion, Petitioner does not state his or the paralegal's normal hourly rates, but does submit a log of the time spent in prosecuting this action. (Cho Decl. ¶ 5; Time Log, Ex. 4, ECF No. 22-4.) The log demonstrates that 3.9 paralegal hours were expended in this action and Petitioner spent 19.3 hours on this action. (Id.) Therefore, Petitioner is seeking $23,785.00 for 23.2 hours of paralegal and attorney time. When considering the total amount requested by Petitioner, the fee request translates to $1,025.22 per hour for the services provided in this action.

In Crawford the Ninth Circuit found that fees of $519, $875, and $902 per hour, for time of both attorneys and paralegals, was not excessive. Crawford, 486 F.3d at 1153 (Clifton, J., concurring in part). Further, since Gisbrecht, courts note that reducing a fee request is dicey business and find fee awards of an effective hourly rate much higher than this to be reasonable. Williams v. Berryhill, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an effective hourly rate of $1,553.36 per hour); Coles v. Berryhill, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal services); see also Villa v. Astrue, No. CIVS-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.")

The Court finds that the requested fees are reasonable when compared to the amount of work Petitioner performed in representing Plaintiff. Petitioner's representation of the claimant resulted in the action being remanded for further proceedings and ultimately, substantial benefits were awarded. Counsel also submitted a detailed billing statement which supports the request. (ECF No. 22-4.)

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. In this instance, Petitioner has previously been awarded $4,000.00 in EAJA fees and the award of fees under Section 406(b)

shall be offset in that amount.

## III.

## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $23,785.00 is GRANTED;

2. Pursuant to Counsel's request, this amount shall be paid directly to the Law Offices of Lawrence D. Rohlfing. The Commissioner is to remit to Plaintiff any remainder of her withheld benefits; and

3. Petitioner is ordered to refund $4,000.00 of the Section 406(b) fees awarded, to Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated: __**March 19, 2020**__

UNITED STATES MAGISTRATE JUDGE